UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

**Jon Lance Clements, and ROES 1 through 100 inclusive,**

                                      **Plaintiff,**

            **-v-**                                                 **5:04-CV-1132 (NAM)**

**The County of Riverside; Presiding Judge Douglas P. Miller as an individual and in his official capacity; Judge H. Morgan Dougherty, as an individual and in his official capacity; Judge Pro Tern Dale Wells, as an individual and in his official capacity; Judge Michele Levine, as an individual and in her official capacity; Michael Leitman, Ph.D. as a licensed psychologist and as an individual; Applied Psychological Services, as a business entity; Carol L. Adams, as an individual and in her professional capacity; Jennifer Clark, as an individual and in her professional capacity; David Clark, as an individual and in his professional capacity; The Law Offices of Adams, Clark and Clark, as a business entity; Craig Zundel, as an individual and in his professional capacity; The Law Offices of Craig Zundel, as a business entity; Donna LaFrance, as an officer of the court and as an individual; ABC Recovery Center Inc. , as a corporation; Bill White, as an individual; Helen Leahy, as an individual; Danny Leahy, as an individual; Keri Anne Clements, as an individual; Eugene Kiss, as an individual; Bonnie Kiss; as an individual; Christine Kiss, as an individual; Karen Tuck, as an individual; Roger Tuck, as an individual; and DOES 1 through 100 inclusive,**

                                      **Defendants.**

❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

APPEARANCES:

Jon Lance Clements, Pro Se
Syracuse, New York 13202

Lewis, Brisbois, Bisgaard & Smith, LLP
Alba Alessandro, Esq., of Counsel
100 Wall Street, 9th Floor
New York, New York 10005
Attorneys for Defendant County of Riverside, California

Bond, Schoeneck & King, PLLC

Jonathan B. Fellows, Esq., of Counsel
One Lincoln Center
Syracuse, New York 13202-1355
Attorneys for Defendants Presiding Judge Douglas P. Miller,
Judge H. Morgan Dougherty, Judge *Pro Tem* Dale Wells,
Judge Michele Levine and Dona LaFrance

Smith, Sovik, Kendrick & Sugnet, PC
Steven W. Williams, Esq., of Counsel
250 South Clinton Street
Suite 600
Syracuse, New York 13202-1252
Attorneys for Defendants Michael Leitman, Ph.D. and
Applied Psychological Services, Inc.

Carol L. Adams, Defendant, *pro se*
Indio, California 92201

David C. Clark, Defendant, *pro se*
Indio, California 92201

Jennifer J. Clark, Defendant, *pro se*
Indio, California 92201

Adams, Clark & Clark, Defendant
82-500 Highway 111, Suite 9
Indio, California 92201

Craig Zundel, Defendant, *pro se*
Palm Desert, California 92260

Law Offices of Craig Zundel
74-399 Highway 111, Suite M
Palm Desert, California 92260

Carter, Conboy, Case, Blackmore, Maloney & Laird, PC
Louis U. Gasparini, Esq., of Counsel
20 Corporate Woods Boulevard
Albany, New York 12211
Attorneys for Defendants, ABC Recovery Center, Inc.,
William White, Helen Leahy and Denny Leahy

Keri Anne Clements, Defendant, *pro se*
Palm Desert, California 92260

Eugene Kiss, Defendant, *pro se*
Palm Desert, California 92260

Bonnie Kiss, Defendant, *pro se*

Palm Desert, California  92260

Christine Kiss, Defendant, *pro se*
Palm Desert, California 92260

Karen Tuck, Defendant, *pro se*
Palm Desert, California 92211

Roger Tuck, Defendant, *pro se*
Palm Desert, California 92211

**Hon. Norman A. Mordue, D.J.:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

Presently before the Court are motions to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), or to dismiss or transfer for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a), by the following defendants: County of Riverside, California (Dkt. No. 21); Presiding Judge Douglas P. Miller, Judge H. Morgan Dougherty, Judge *Pro Tem* Dale Wells, Judge Michele Levine and Dona LaFrance (Dkt. No. 13); Michael Leitman, Ph.D. and Applied Psychological Services, Inc. (Dkt. No. 33); Carol L. Adams and as Adams, Clark & Clark (Dkt. No. 9); David Clark and as Adams, Clark & Clark (Dkt. No. 11); Jennifer J. Clark and as Adams, Clark & Clark (Dkt. No. 10); Craig Zundel and as Law Offices of Craig Zundel (Dkt. No. 29); ABC Recovery Center, Inc., William White, Helen Leahy and Denny Leahy (Dkt. No. 24); and Keri Anne Clements (Dkt. No. 4).   By Order to Show Cause dated October 12, 2004, and amended on October 21, 2004, the Court (United States Magistrate Judge George H. Lowe) directed plaintiff to show cause why the Court should not, *sua sponte* or upon motion transfer the matter to the Central District of California, Eastern Division.

### BACKGROUND

On September 28, 2004, plaintiff filed the complaint herein, alleging the following: that plaintiff is a resident of Syracuse, New York; that each defendant resides (or has its principal place of business) in California; that plaintiff and defendant Keri Anne Clements were married in California on August 28, 1993; that their only child, Nicole Clements, was born in California on January 2, 1994; that they were divorced in California in 1994; that plaintiff moved from California to New York in October 2003; and that plaintiff's motion for an order allowing him to bring the child to New York was denied by the Superior Court of California.

According to the complaint, the judicial defendants have handled numerous custody proceedings concerning Nicole Clements in the Superior Court of California.  Defendant Douglas P. Miller is the Presiding Judge of the Superior Court of California in Riverside County; defendants H. Morgan Dougherty and Michele Levine are Judges of the Superior Court of California; defendant Dale Wells is a Judge *Pro Tem* of the Superior Court of California; and defendant Dona LaFrance is employed by Riverside County as a court reporter for the Superior Court of California.

The remaining defendants have also been involved in the custody proceedings in some manner.  Plaintiff alleges that defendant Michael Leitman, a psychologist employed with defendant Applied Psychological Services in California, conspired to provide false and misleading reports to the Superior Court of California.  Defendants Carol Adams, Jennifer Clark, David Clark and The Law Offices of Adams, Clark and Clark, are California lawyers who represented Keri Anne Clements in proceedings in the Superior Court of California.  Defendant Craig Zundel, also a California attorney, allegedly agreed to give false testimony in favor of Keri Anne Clements in the Superior Court of California.  The defendant ABC Recovery Center, Inc.,

a California corporation, and its employees, defendants Bill White, Helen Leahy and Danny Leahy, are also alleged to have provided false information in the custody proceedings in the Superior Court of California. The complaint alleges that defendants Eugene Kiss, Bonnie Kiss and Christine Kiss reside with Keri Anne Clements in California and have conspired with the other defendants to assist Keri Anne Clements in obtaining custody of Nicole Clements, so that custody may thereafter be transferred to defendants Karen and Roger Tuck, also California residents.

The complaint sets forth causes of action for civil conspiracy to influence the outcome of the custody proceedings in the Superior Court of California; civil conspiracy to mislead the Superior Court of California in the custody proceedings; abuse of process in the Superior Court of California; civil rights violations under 42 U.S.C. § 1983 in connection with the custody dispute in the Superior Court of California; fraud on the Superior Court of California; improper disclosure in California of information regarding plaintiff; negligence occurring in California resulting in emotional stress "due to the fact that Plaintiff's minor child is caused to live with Defendant"; negligence against the County of Riverside, California, arising from the conduct of its agents and employees; intentional infliction of emotional distress arising from the custody proceedings in California and the placement of the child with her mother in California; a defamation claim (it is not clear where the alleged defamatory statements were made); a claim for "child endangerment" due to the placement of the child with her mother in California; and a claim for tortious interference with contract based on defendants' alleged interference with a contract to marry between plaintiff and one Tina Bennet.

**DISCUSSION**

The moving defendants move to dismiss on the ground of lack of *in personam* jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) or to dismiss or transfer for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a). The Court also has before it the Order to Show Cause of October 12 and 21, 2004, directing plaintiff to show cause why the action should not be transferred to the Central District of California, Eastern Division.

**Venue**

The complaint herein alleges both federal question and diversity jurisdiction. Regardless of whether venue is based on federal question jurisdiction or diversity jurisdiction, the action must be brought in a judicial district in which a defendant resides or in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. *See* 28 U.S.C. § 1391(a), (b). Clearly, the allegations of the complaint as summarized above demonstrate that venue in this action is improperly laid in the Northern District of New York.

Where venue is laid in the wrong district, district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Congress' purpose in authorizing transfer in the interest of justice is to avoid "the injustice which ha[s] often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). Accordingly, section 1406(a) "should be read broadly in many circumstances." *Spar, Inc. v. Information Resources, Inc.*, 956 F.2d 392, 394 (2d Cir. 1992).

Here, in considering whether transfer would serve the interest of justice, the Court notes that plaintiff is proceeding *pro se*. It is true that plaintiff does not demonstrate that he had a

reasonable legal basis to believe that venue in New York was proper; rather, he merely argues that defendants can afford to defend the case in New York and that – because he has sued members of the California judiciary – he will not receive a fair trial in California. Nevertheless, there is no basis to find that plaintiff proceeded in New York in bad faith. *Compare, e.g., Blackburn v. Eli Lilly and Co., Inc.*, 1999 WL 1125048, *4-*5 (N.D.N.Y. 1999) (observing that transfer provisions were not intended to allow a party purposefully to file in the wrong court, thereby holding open the statute of limitations).

Moreover, this Court must in any event transfer the case to the Central District of California with respect to the non-moving defendants.[1] Presumably, if this Court grants dismissal with respect to the moving defendants here, plaintiff would seek to refile his claims against them in California. Under all of the circumstances, the Court concludes that judicial economy, convenience to the litigants and the interest of justice warrant transfer rather than dismissal.

**Personal jurisdiction**

Personal jurisdiction of a federal court over a non-resident defendant "is governed by the law of the state in which the court sits – subject, of course, to certain constitutional limitations of due process." *Robinson v. Overseas Military Sales Corp.*, 21 F. 3d 502, 510 (2d Cir. 1994). There is no evidence in the record that any moving defendant is present in New York so as to

---

[1] On October 12 and 21, 2004, the Court (Magistrate Judge Lowe) ordered plaintiff to show cause why venue should not be transferred, *sua sponte* or upon motion, to the Central District of California, Eastern Department. While most defendants responded with motions to dismiss and/or transfer, certain defendants – *viz.*, Eugene Kiss, Bonnie Kiss, Christine Kiss, Karen Tuck, and Roger Tuck – interposed no motions. Accordingly, with respect to them, there is no dismissal motion before the Court.

support personal jurisdiction under section 301 of New York Civil Practice Law and Rules ("N.Y.C.P.L.R."), nor is there evidence that any moving defendant is subject to "long-arm" jurisdiction under N.Y.C.P.L.R. 302(a).  Moreover, it appears that the exercise of jurisdiction over the moving defendants would offend due process because it does not appear that they have minimum contacts with New York such that the maintenance of the suit here would comport with "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted).  Plaintiff has failed to meet his burden on this motion of making a *prima facie* showing that this Court has *in personam* jurisdiction over defendants.  *See Marine Midland Bank N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981).

Section 1406(a), however, authorizes the transfer of a case regardless of whether the transferor court has personal jurisdiction over the defendants.  *See Goldlawr*, 369 U.S. at 466. This Court declines to dismiss the action against moving defendants on the ground of lack of personal jurisdiction in New York and instead directs that the matter be transferred to the Central District of California, Eastern Division.

## CONCLUSION

It is therefore

ORDERED that the motions by County of Riverside, California (Dkt. No. 21); Presiding Judge Douglas P. Miller, Judge H. Morgan Dougherty, Judge *Pro Tem* Dale Wells, Judge Michele Levine and Dona LaFrance (Dkt. No. 13); Michael Leitman, Ph.D. and Applied Psychological Services, Inc. (Dkt. No. 33); Carol L. Adams and as Adams, Clark & Clark (Dkt. No. 9); David Clark and as Adams, Clark & Clark (Dkt. No. 11); Jennifer J. Clark and as Adams, Clark & Clark (Dkt. No. 10); Craig Zundel and as Law Offices of Craig Zundel (Dkt. No. 29);

ABC Recovery Center, Inc., William White, Helen Leahy and Denny Leahy (Dkt. No. 24); and Keri Anne Clements (Dkt. No. 4), are granted to the extent that they seek a transfer of venue to the Central District of California, Eastern Division, and are otherwise denied without prejudice; and it is further

ORDERED that the case is transferred to the Central District of California, Eastern Division.

IT IS SO ORDERED.

June_29, 2005
Syracuse, New York

_____
Norman A. Mordue
U.S. District Judge